EL PUEBLO, DEMANDANTE Y APELADO, v. ARAGÓN, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 2ª., en causa por infracción a la Ley de Sanidad.

No. 840.—Resuelto en julio 15, 1915.

INFRACCIÓN A LOS REGLAMENTOS DE SANIDAD—REGLAMENTO DE SANIDAD NÚMERO
2—LAVADO DE ROPAS—DISPOSICIONES PERMISIVAS.—En este caso se imputó
al acusado el hecho de que ''ilegal, maliciosa y voluntariamente infringía
el artículo 13 del Reglamento 2 del Departamento de Sanidad, permitiendo
el lavado de ropas sin las condiciones requeridas, a los vecinos de los ran-
chones de su propiedad.'' Dicho artículo 13, en lo aplicable, dice: ''Queda
permitido el lavado de ropas de los propios vecinos de la casa, que deberá
hacerse en local especial con piso y paredes impermeables * * *.'' *Se
resolvió,* de acuerdo con la jurisprudencia establecida en el caso de *El Pue-
blo* v. *Paratze,* 22 D. P. R., 38, que siendo meramente permisiva la dis-

posición que contiene el precepto citado se castigó indebidamente al acusado por no constituir materia delictiva los hechos que se le imputan, ya que no están expresamente prohibidos y penados por la ley.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Sandalio Torres Monge.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La denuncia, origen de esta causa, copiada a la letra, en lo pertinente, dice así:

"Yo, Secundino Fuentes, vecino de San Juan, calle de Arsenal, de 44 años, formulo denuncia contra José Aragón, por delito de infracción a la Ley de Sanidad, cometido de la manera siguiente: Que en 14 de febrero de 1914, y en San Juan del Distrito Judicial Municipal de San Juan, el acusado arriba mencionado ilegal, maliciosa y voluntariamente, infringe el artículo 13 del Reglamento 2 del Departamento de Sanidad, permitiendo el lavado de ropas sin las condiciones requeridas, a los vecinos de los ranchones de su propiedad, sitos en Puerta de Tierra, calle de San Andrés, y marcados con los números 4, 6, 8 y 10."

Celebrada la vista en la Corte de Distrito de San Juan, Sección 2ª., el acusado fué declarado culpable y condenado a pagar una multa de quince pesos y, en defecto de pago de la multa, a sufrir un día de cárcel por cada peso que dejare de satisfacer. El acusado apeló para ante este Tribunal Supremo y señaló en su alegato la comisión de tres errores, a saber: 1, que el reglamento sanitario que se supone infringido y al cual dió validez la corte de distrito, es inconstitucional; 2, que la denuncia es de tal manera defectuosa, que no imputa infracción alguna al acusado, y 3, que la prueba demuestra que el acusado no es culpable.

Según la opinión que esta Corte Suprema ha formado de este caso, después de un estudio detenido del mismo, procede la revocación de la sentencia apelada por un motivo fundamental distinto de los señalados por la parte apelante en su alegato. Siendo ello así, nos limitaremos a exponer

el verdadero fundamento de nuestra sentencia y prescindiremos de la consideración y resolución de los errores alegados por el apelante.

El artículo 13 del Reglamento de Sanidad número 2, sobre casas de vecindad, redactado por la Junta Insular de Sanidad, aprobado por el Consejo Ejecutivo el 11 de julio de 1912 y promulgado por el Gobernador el 13 de julio del mismo año, es como sigue:

"Bajo ningún concepto se permitirá en los patios o habitaciones de una casa de vecindad el ejercicio de ninguna industria u ocupación que fuere peligrosa, o molesta para los demás vecinos, ni el establecimiento de cuadras o caballerizas, ni cuidar aves de corral ni animales de otro género con excepción de gatos y de pájaros en jaula.

"Queda permitido el lavado de ropas de los propios vecinos de la casa, que deberá hacerse en local especial con piso y paredes impermeables hasta una altura de dos metros, provisto de un pavimento con suficiente inclinación para su desagüe y de un sifón de piso en las poblaciones donde exista alcantarillado.

"En las poblaciones donde no haya alcantarillado y las condiciones del terreno lo permitan se hará el desagüe por medio de sumideros. A medida que se establezca servicio de alcantarillado en las poblaciones en donde hoy no existe, deberán cesar dichos sumideros y establecerse el desagüe en la forma provista en el apartado anterior; *Disponiéndose,* que estos sumideros serán cegados cuando a juicio del Director de Sanidad resulten perjudiciales a la salud pública."

Como puede verse, el artículo transcrito contiene tres párrafos, el primero, prohibitivo; el segundo, que es el aplicable a este caso, meramente permisivo.

El reglamento sanitario por cuya infracción ha sido castigado el acusado, permite el lavado de ropas en las casas de vecindad bajo ciertas condiciones, pero no prohibe de modo terminante y expreso dicho acto. Podría decirse que de los términos en que está redactado el reglamento, se infiere lógicamente, sin esfuerzo alguno, la prohibición; pero tal inferencia no puede admitirse cuando se trata de imponer un castigo a un ciudadano.

La cuestión no es nueva ante esta Corte. Ha sido claramente resuelta en el caso de *El Pueblo* v. *Paratze,* 22 D. P. R., 38. En dicho caso se imputó al acusado que había hecho trabajar un domingo en su barbería a dos oficiales contra la voluntad de éstos y se le castigó como infractor de una ordenanza municipal, cuya sección 1ª dice así:

"Todos los establecimientos comerciales o industriales cuyo cierre ordena el artículo 553 del Código Penal, enmendado por la ley No. 24 aprobada en 28 de marzo de 1914, podrán permanecer abiertos los domingos hasta las 12 m., siempre que a las compras y ventas y a las atenciones de cualquier clase y condición en los mismos durante dicho medio día, se dediquen exclusivamente los dueños de dichos establecimientos, los interesados directamente en los mismos y los representantes y apoderados en legal forma."

Bajo tales circunstancias, esta Corte Suprema, revocó la sentencia apelada. En el curso de la opinión, emitida por el Juez Asociado Sr. Hutchison, se dijo:

"Examinada la denuncia, según ha sido redactada, no encontramos en ella materia delictiva. Delito es 'un acto cometido u omitido en violación de alguna ley que lo prohibe u ordena.' Ningún acto puede ser castigado como delito a no ser que esté a la vez prohibido y castigado por el estatuto. La sección de la ordenanza transcrita, la única de la cual tenemos conocimiento, no prohibe por sus términos ni castiga el acto imputado en la denuncia como tampoco ningún otro. Es puramente permisiva en cuanto a su forma y no penal. No establece ninguna ofensa. No define delito alguno."

Habiendo en consideración todo lo expuesto, es necesario concluir que el acusado José Aragón fué indebidamente castigado. Aceptando la verdad de los hechos que se le imputan, tales hechos no constituyen materia delictiva, por no estar expresamente prohibidos y penados por la ley.

Debe revocarse la sentencia apelada y absolverse al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.